# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DANIEL J. SMITH,

    Plaintiff,                                   CASE NO.: 0:15-CV-02868 PAM/JJK

v.

HARTFORD LIFE AND ACCIDENT          **ANSWER**
INSURANCE COMPANY,

    Defendant.

Defendant, Hartford Life And Accident Insurance Company ("Hartford Life"), for its Answer to the Complaint, states and alleges as follows:

1. As to Paragraph I, Hartford Life is without knowledge or information sufficient to form a belief as to the allegations contained therein, and, therefore, denies the same.

2. As to Paragraph II, Hartford Life admits that it is a Connecticut corporation, authorized to do business in the State of Minnesota and doing business in this District; and denies the remaining allegations contained therein.

3. As to Paragraph III, Hartford Life is without knowledge or information sufficient to form a belief as to the allegations contained therein, and, therefore, denies the same.

4. As to Paragraph IV, Hartford Life is without knowledge or information sufficient to form a belief as to the allegations contained therein, and, therefore, denies the same.

5. As to Paragraph V, Hartford Life denies the allegations contained therein as Plaintiff failed to establish that he was disabled as that term is defined in the Policy, failed to provide adequate or timely proof of loss demonstrating his entitlement to long-term disability benefits under the terms and conditions of the Policy, failed to exhaust his administrative remedies under the Policy and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and failed to timely file the instant legal action.

6. As to Paragraph VI, Hartford Life admits that it issued a contract of group long-term disability insurance, Policy No. GLT-677696 ("Policy") to Duininck Companies as plan sponsor and plan administrator; admits that, at certain times relevant herein, the Policy was in full force and effect; and admits that the Policy is an employee welfare benefit plan governed by ERISA. Hartford Life denies the remaining allegations contained in Paragraph VI.

7. As to Paragraph VII, Hartford Life is without knowledge or information sufficient to form a belief as to the allegations contained therein, and, therefore, denies the same.

8. As to Paragraph VIII, Hartford Life denies the allegations contained therein as Plaintiff failed to establish that he was disabled as that term is defined in the Policy, failed to provide adequate or timely proof of loss demonstrating his entitlement to long-term disability benefits under the terms and conditions of the Policy, failed to exhaust his administrative remedies under the Policy and ERISA, and failed to timely file the instant legal action.

9. As to Paragraph IX, Hartford Life denies the allegations contained therein as Plaintiff failed to establish that he was disabled as that term is defined in the Policy, failed to provide adequate or timely proof of loss demonstrating his entitlement to long-term disability benefits under the terms and conditions of the Policy, failed to exhaust his administrative remedies under the Policy and ERISA, and failed to timely file the instant legal action.

10. As to Paragraph X, Hartford Life admits that Plaintiff made an untimely claim for long-term disability benefits under the Policy. Hartford Lifedenies the remaining allegations contained in Paragraph X as Plaintiff failed to establish that he was disabled as that term is defined in the Policy, failed to provide adequate or timely proof of loss demonstrating his entitlement to long-term disability benefits under the terms and conditions of the Policy, failed to exhaust his administrative remedies under the Policy and ERISA, and failed to timely file the instant legal action.

11. As to Paragraph XI, Hartford Life denies the allegations contained therein as Plaintiff failed to establish that he was disabled as that term is defined in the Policy, failed to provide adequate or timely proof of loss demonstrating his entitlement to long-term disability benefits under the terms and conditions of the Policy, failed to exhaust his administrative remedies under the Policy and ERISA, and failed to timely file the instant legal action.

12. As to Paragraph XII, Hartford Life is without knowledge or information sufficient to form a belief as to the allegations contained therein, and, therefore, denies the same.

13. Hartford Life denies each and every allegation not otherwise admitted.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Hartford Life asserts the following defenses. The denomination of any matter below as a defense is not an admission that Hartford Life bears the burden of persuasion, burden of proof or burden of producing evidence with respect to any such matter.

1. Plaintiff's causes of action against Hartford Life, if any, arise out of the ERISA, 29 U.S.C § 1001 et seq. To the extent Plaintiff seeks remedies or makes claims not provided for under ERISA, those remedies and claims are preempted by ERISA.

2. Hartford Life's benefit decision was correct and was supported by substantial evidence.

3. To the extent Plaintiff recovers the relief sought herein, Hartford Life is entitled to an offset for "Other Income Benefits", as that term is defined in the Policy, including, but not limited to, benefits under a Workers' Compensation Law, benefits from the Social Security Administration or Federal/State Retirement benefits.

4. To the extent Plaintiff recovers the relief sought herein, Hartford Life is entitled to an offset for any overpayment which resulted from Plaintiff's receipt of Other Income Benefits, as that term is defined in the Policy, including, but not limited to, benefits under a Workers' Compensation Law, benefits from the Social Security Administration or Federal/State Retirement benefits.

5. Plaintiff's claims and Complaint are time-barred and must be dismissed with prejudice and judgment entered for Hartford Life and against Plaintiff as Plaintiff

filed the instant legal action against Hartford Life more than 3 years after the date Proof of Loss is required to be given according to the terms of the Policy.

6. Plaintiff's complaint must be dismissed with prejudice and judgment entered for Hartford Life and against Plaintiff due to Plaintiff's failure to exhaust his administrative remedies under the Policy and ERISA.

7. Plaintiff's complaint must be dismissed with prejudice and judgment entered for Hartford Life and against Plaintiff due to Plaintiff's failure to provide adequate or timely proof of loss demonstrating his entitlement to long-term disability benefits under the terms and conditions of the Policy.

8. Hartford Life states that no benefit is payable to Plaintiff under the Policy for any Disability that is due to, contributed to by, or results from a Pre-Existing Condition as defined by the Policy.

WHEREFORE, Defendant Hartford Life and Accident Insurance Company seek the following relief:

1. Dismissal of Plaintiff's Complaint with prejudice.

2. Its costs, disbursements and reasonable attorney's fees incurred herein.

3. Such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated:  July 1, 2015 | s/Terrance J. Wagener |
| | Terrance J. Wagener |
| | Molly R. Hamilton Cawley |
| | **MESSERLI & KRAMER P.A.** |
| | 1400 Fifth Street Towers |
| | 100 South Fifth Street |
| | Minneapolis, MN  55402-1217 |
| | Telephone:  612.672.3674 |
| | Facsimile:  612.672.3777 |
| | twagener@messerlikramer.com |
| | mhamilton@messerlikramer.com |
| | |
| | **COUNSEL FOR DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE** |

1241542.2